UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEAL BANK, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:09-CV-1401 (JCH) |
| v. : | |
| : | |
| KIRSTEN S. GALEF, INDIVIDUALLY : | |
| AND AS EXECUTRIX OF THE : | |
| ESTATE OF JAMES M. GALEF, : | MARCH 31, 2010 |
|     Defendant. : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 11)**

**I.   INTRODUCTION**

Plaintiff Beal Bank ("Beal"), a federally-chartered savings bank with a principal place of business in Texas, brings this action against Kirsten Galef, a Connecticut citizen. Beal sues Galef for breach of fiduciary duty in both her individual capacity and her capacity as executrix of the estate of James M. Galef (hereinafter "the Estate"), her deceased husband. While the Complaint asserts that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, Kirsten Galef has moved to dismiss on the ground that Conn. Gen. Stat. § 45a-382 deprives this court of jurisdiction. For the reasons contained herein, the court grants the Motion to Dismiss in part.

**II.   FACTUAL BACKGROUND**

On February 26, 2004, James M. Galef died in an airplane crash. His widow, Kirsten Galef ("Galef"), was thereafter appointed the executrix of his Estate. See Complaint at ¶ 5. At the time of his death, James Galef owed Beal approximately $2,772,439.51 and $2,249,844.31, under the terms of two "Exceptions to Non-Recourse Guarantees." Id. at ¶¶ 7, 8.

1

After James Galef died, various creditors brought claims against his Estate. In particular, they challenged a transaction that occurred prior to his death, in which he transferred 19,500 shares of stock in RUR Holding Corporation to Kirsten Galef, "as trustee for her five children's trusts[,] for no consideration." Id. at ¶ 10. Acting in her capacity as executrix, Galef ultimately determined that her husband's Estate was insolvent. Following a "multi-party mediation" in 2006, Galef entered into a settlement with certain creditors, which she describes as "highly advantageous to the Estate." Mem. in Supp. at 2; see also Complaint at ¶ 13. According to Beal, Galef executed the settlement without notifying Beal and other creditors, "intending to hide [it] so that it could not be contested or otherwise prevented." Id. at ¶ 14. On this basis, Beal alleges that Kirsten Galef engaged in self-dealing and breach of fiduciary duty. Id. at ¶ 15. Beal claims that, in the absence of such self-dealing, it would have received a pro rata share of the Estate, in the amount of $750,000. Id. at ¶ 17.

Galef claims that Beal did not participate in the mediation process that ultimately led to the 2006 settlement, and it only "began taking a much more aggressive role in the Probate Court proceedings" after it retained new counsel in March 2008. Memorandum in Support of Motion to Dismiss at 2-3 (hereinafter "Mem. in Supp."). At that time, Beal "objected to the Inventory and Application/Declaration of Insolvent Estate and challenged the settlements that Galef had achieved." Id. The Probate Court rejected Beal's claims in May 2009, because the applicable statute of limitations had elapsed. Id. In June 2009, Beal appealed the decision of the Probate Court to the Connecticut Superior Court. Id. That appeal is still pending. Id. at 4.

## III. STANDARD OF REVIEW

In deciding this Motion to Dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to Beal.  Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984). The court must draw all reasonable inferences in Beal's favor. See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

The court's analysis is guided by Fed. R. Civ. P. 8(a)(2) ("Rule 8(a)(2)"), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has recently articulated that Rule 8(a)(2) "requires factual allegations sufficient 'to raise a right to relief above the speculative level.'"  Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  This "plausibility standard" in Twombly "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly).

## IV. DISCUSSION

Conn. Gen. Stat. § 45a-382 states:

Except as provided by section 45a-380, no suit shall be brought against the fiduciary of an estate in course of settlement as insolvent. If judgment has been

> rendered against such fiduciary before the commencement of its settlement as an insolvent estate, execution shall not issue, but the creditor may present his judgment to the fiduciary and receive his proportionate share of the estate with the other creditors. If judgment has not been rendered, any pending suit shall abate and the creditor shall submit his claim to the fiduciary and may request that costs incurred in connection with the suit up to the date of abatement be added to the claim.

This statute imposes a jurisdictional limitation on the Connecticut courts. See Benson A. Snaider, P.C. v. Cooper, 1992 WL 360604, at *3 (Conn. Super. Ct. Nov. 20, 1992) ("Since the estate has been declared insolvent, the statute wrests jurisdiction from the Superior Court and places it with the Probate Court.") (hereinafter "Cooper").  It is undisputed that the Estate is presently in the course of settlement as insolvent.

While Conn. Gen. Stat. § 45a-382 imposes a jurisdictional limitation on the Connecticut courts, it is unsettled whether it may serve as a jurisdictional bar to in personam claims, brought in federal court pursuant to 28 U.S.C. § 1332, against the executrix of an estate.  In this case, it is undisputed that the requirements of federal diversity jurisdiction have been satisfied.  Therefore, this court must answer whether the federal "probate exception" precludes this court from exercising jurisdiction.  The general rule is that, "as long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." Lefkowitz v. Bank of New York, 528 F.3d 102, 106 (2d Cir. 2007).

In Marshall v. Marshall, 547 U.S. 293 (2006), the Supreme Court addressed the federal probate exception, describing it as a "judicially created doctrine[] stemming in large measure from misty understandings of English legal history." Id. at 298.  The probate exception precludes a federal court from exercising jurisdiction in certain,

"narrow" circumstances.  Id. at 305.  Specifically, the Marshall Court clarified that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."  Id. at 311-12.  Reversing the Ninth Circuit's judgment that the plaintiff's claims fell within the ambit of the probate exception, the Marshall Court held that the probate exception did not apply "because plaintiff sought neither to (1) administer an estate, probate a will, or do any other purely probate matter, nor (2) to reach a res in custody of a state court." Lefkowitz, 528 F.3d at 106 (summarizing Marshall) (citation and quotation marks omitted).  In reversing the Ninth Circuit, the Marshall court noted that the probate exception is "of distinctly limited scope," 547 U.S. at 310, and stressed that the petitioner "s[ought] an in personam judgment against the [respondent], not the probate or annulment of a will."  Id. at 312.

Beal's principal argument is that the Motion to Dismiss should be denied because the breach of fiduciary claims contained in the Complaint "are not within the purview of § 45a-382 since they seek judgments in personam against individuals rather than in rem against the estate assets."  Memorandum in Opposition to Motion to Dismiss at 5 (hereinafter "Mem. in Opp.").  Beal also suggests that the federal probate exception does not apply in this case, because it seeks in personam judgments against Galef.

With respect to Conn. Gen. Stat. § 45a-382, it bears noting at the outset that there is very little Connecticut precedent to guide the court's analysis.  However, the Cooper case--which has been cited extensively by both parties in support of their

5

positions--is instructive.  In Cooper, the plaintiff brought a two-count complaint in the Connecticut Superior Court against the executor of an estate.  1992 WL 360604, at *1.  The first count was "directed against the defendant as Administrator of the Estate" and alleged that "defendant has refused to pay a claim due and owing."  Id.  The second count was directed "at the defendant individually and allege[d] that in various respects he has breached his fiduciary [duty] towards the Estate and the heirs and creditors of the decedent."  Id.  The defendant moved to dismiss both counts under Conn. Gen. Stat. § 45a-382.

The Cooper court dismissed Count One of the plaintiff's complaint, holding that Conn. Gen. Stat. § 45a-382 deprived the Connecticut Superior Court of jurisdiction.  1992 WL 360604, at *3.  Beal's claim against Kirsten Galef in her capacity as executrix appears quite similar.  While the claim is framed as an in personam action, the plain language of Conn. Gen. Stat. § 45a-382 provides that suits "against the fiduciary of an estate in course of settlement as insolvent" are prohibited.  Like Count One in Cooper, the claim here clearly implicates the jurisdictional bar imposed by the statute because it is directed at Galef in her role as executrix.

Moreover, the federal probate exception applies to Beal's claim against Galef in her capacity as executrix.  In suing Galef in her capacity as executrix, Beal's claim can be construed as a claim against the estate itself.  It therefore seeks to "reach a res in custody of state court," and is a "purely probate matter."  Lefkowitz, 528 F.2d at 106.  Because Beal's claim against Galef in her capacity as executrix triggers both Conn. Gen. Stat. § 45a-382 and the federal probate exception, that claim is dismissed.

On the other hand, Cooper indicates that Conn. Gen. Stat. § 45a-382 is not a

jurisdictional bar to Beal's breach of fiduciary duty claim against Galef in her individual capacity.  In Cooper, the court denied the defendant's motion to dismiss the claim for breach of fiduciary duty on the ground of Conn. Gen. Stat. § 45a-382.  Id.  While the defendant claimed that the breach of fiduciary duty claim "should properly be handled by the filing of a petition with the Probate Court seeking the removal of the fiduciary," the Cooper court held that "the failure to so proceed does not mean that there is a lack of jurisdiction by the court" and emphasized that count two was "directed against . . . Cooper, Individually."  Id.  The breach of fiduciary claim in Cooper seems quite similar to Beal's fiduciary duty claim against Galef in her individual capacity in this case.  While Galef states that "it is of no import that Beal has nominally advanced claims against Galef as executrix and individually," Mem. in Supp. at 6 (emphasis in original), the Memorandum in Support neither attempts to distinguish Cooper's holding as to the breach of fiduciary duty claim in that case, nor cites any other cases holding that Conn. Gen. Stat. § 45a-382 may serve as a jurisdictional bar to breach of fiduciary duty claims against an individual.[1]

     Further, the Marshall case indicates that this court must exercise jurisdiction over Beal's claim against Galef in her individual capacity.  Marshall clarified that the federal probate exception is of "distinctly limited scope," 547 U.S. at 310, and stressed that federal courts have a duty to exercise jurisdiction when it is otherwise present.  Id. at 298 (quoting Cohens v. Virginia, 6 Wheat. 264 (1821)).  Beal's claim against Galef in

---

[1] In the other case cited in Galef's Memorandum in Support, the defendant was sued only in her capacity as executrix of an estate.  See AmSouth Bank v. Galef, Docket No. 3:04-cv-1492 (WWE) (Complaint, Doc. No. 1).

her individual capacity seeks damages from Galef as an individual, rather than to reach any "res in custody of state court." Lefkowitz, 528 F.2d at 106. Indeed, as the Second Circuit has stated, Marshall's "limited application of the [probate] exception . . . ensures that where exercise of federal jurisdiction will result in a judgment that does not dispose of property in the custody of a state probate court, even though the judgment may be intertwined with and binding on those state proceedings, the federal courts retain their jurisdiction." Lefkowitz, 528 F.3d at 106. The claim against Galef in her individual capacity will not so dispose of property and is not barred by Conn. Gen. Stat § 45a-382. Therefore, Galef's Motion to Dismiss is denied as to Beal's claim against Galef in her individual capacity.

### V.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. No. 11) is **granted** as to the claim against Kirsten Galef in her capacity as Executrix of her husband's Estate, and **denied** as to the claim against Kirsten Galef in her individual capacity.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 31st day of March, 2010.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge